# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KURTIS YOAKUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-585-R |
| | ) |
| CITY OF YUKON, ARNOLD ADAMS individually and in his official capacity, and JAY DOE individually and in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 7) filed by Defendants City of Yukon and Arnold Adams pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Mr. Yoakum responded in opposition to the motion (Doc. No. 11) and Defendants replied (Doc. No. 12). Upon review, the Court finds as follows.

I. Background

On July 28, 2017, Plaintiff was assigned to a prisoner public work's crew responsible for the City of Yukon's roadside vegetation management. On that date, Plaintiff was without safety equipment and operating a weed-eater in the median of a divided highway when a vehicle driven by a third party hit Plaintiff, causing significant injury. In response, Plaintiff filed this action against the City of Yukon, the director of the City's prison work program, Arnold Adams, and supervisor Jay Doe. The Complaint alleges seven claims arising from Plaintiff's injuries. In his first two claims, Plaintiff

alleges that the City of Yukon was negligent in violation of state law pursuant to the Oklahoma Governmental Tort Claims Act (OGTCA). His remaining claims are made pursuant to federal law—28 U.S.C. § 1983. In his third claim, he alleges that Defendants are liable for violating his Fourteenth Amendment rights. In his fourth and fifth claims, he alleges that Defendants are liable for their failure to train and supervise. In his sixth claim, he alleges that Defendant Jay Doe is liable for failure to protect. Finally, in his seventh claim, Plaintiff alleges that all Defendants are liable for a state-created danger.

Defendants City and Mr. Adams move for dismissal of all claims, except Plaintiff's sixth claim, which was pleaded only against Defendant Jay Doe.[1] First, Defendants assert that dismissal is warranted under Local Civil Rule 7.1(g) because Plaintiff's response was untimely. They also argue that all claims made against Defendant Adams in his official capacity should be dismissed as duplicative of the claims against the City. As to Plaintiff's state law claims against the City of Yukon, Defendants argue that the City is entitled to immunity under both 57 O.S. § 228 and 51 O.S. § 155(23). As to Plaintiff's federal law claims against both Defendant City and Mr. Adams, Defendants argue that Plaintiff has failed to sufficiently plead his claims and that dismissal is warranted pursuant to Federal

---

[1] To the extent Plaintiff wishes to proceed against Defendant Jay Doe, his claims against the unnamed defendant are time barred. Under Federal Rule 15(c), a proposed amendment to substitute a named party for a John Doe defendant does not relate back to the date of the original complaint. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Thus, if a plaintiff fails to substitute a named party for a John Doe defendant within the relevant statute of limitations, a plaintiff's claims against that defendant will be time barred. *See Farhat v. Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at *2 (W.D. Okla. Feb. 14, 2008). Here, Plaintiff was injured on July 28, 2017. The applicable statute of limitations period in Oklahoma is two years for a § 1983 action. *See* 12 O.S., § 95; *see also Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) ("[Section] 1983 claims are best characterized as personal injury actions and [thus courts are to] apply the relevant state statute of limitations applicable to such actions." (internal quotation marks and citation omitted)). Therefore, Plaintiff's time to substitute a named party for Jay Doe expired on July 28, 2019. As of the date of this order, Plaintiff has not substituted a named party for Jay Doe; his claims against Jay Doe are thus time barred.

Rule of Civil Procedure 12(b)(6). Plaintiff objects to each of Defendants' arguments. Having considered the parties' arguments, the Court grants Defendants' Motion to Dismiss.

## II. Standard of Review

In considering Defendants' Motion to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

The Court has original jurisdiction over Plaintiff's federal claims, and supplemental jurisdiction over his state claims. The Court thus reviews Plaintiff's federal claims first, and then proceeds to his state law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (suggesting that district courts ought to determine the validity of federal claims before exercising supplemental jurisdiction over any state claims).

### III. Procedural Issues

As a preliminary matter, the Court must address Defendants' request for dismissal pursuant to Local Civil Rule 7.1(g). In reply, Defendants assert that dismissal is warranted pursuant to this rule because Plaintiff's response was untimely. (Doc. No. 12, pp. 1–2). Dismissal is not permitted under this rule. Though Plaintiff did not file his response within 21 days of Defendants' motion, he was granted an extension (Doc. No. 9) and subsequently filed his response on the date the Court ordered (Doc. No. 11).

### IV. Federal Claims

Defendants initially argue that all federal claims asserted against Defendant Adams in his official capacity should be dismissed as duplicative of the claims filed against the City. (Doc. No. 7, p. 9 n. 2). Plaintiff does not respond. Official-capacity suits are treated as suits against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Cross Continent Dev., LLC v. Town of Akron, Colo.*, 548 F. App'x 524, 531 (10th Cir. 2013). Plaintiff's claims against Mr. Adams in his official capacity are thus duplicative of his claims against the City. Accordingly, Plaintiff's claims against Mr. Adams in his official capacity are dismissed. *See, e.g., Dungee v. Board of County Commissioners of Oklahoma County*, 2014 WL 1878762 (W.D. Okla. 2014) (dismissing official-capacity claims against officer as duplicative and unnecessary where Plaintiff had also sued the county).

Defendants further argue that each of Plaintiff's four federal claims—against the City and Mr. Adams in his individual capacity—should be dismissed pursuant to Rule 12(b)(6). The Court addresses each of Defendants' arguments in turn.

#### A. *Conditions of Confinement*

Defendants contend that Plaintiff's first federal claim—his third cause of action—alleging deliberate indifference to his conditions of confinement pursuant to 28 U.S.C. § 1983, is properly reviewed under the Eighth Amendment. (Doc. No. 7, pp. 10–11). They then seek dismissal arguing that Plaintiff has not pleaded sufficient facts to state a § 1983 claim for relief under the Eighth Amendment. *Id.* at 11–12. In response, Plaintiff asserts that his pleadings are sufficient. He argues that, at the very least, the Complaint pleads sufficient facts to support the inference that Defendants acted recklessly, satisfying the pleading requirements under the Eighth Amendment. (Doc. No. 11, pp. 13–14). The Court finds dismissal appropriate under Rule 12(b)(6) because Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted under the Eighth Amendment.

To recover under 28 U.S.C. § 1983, a plaintiff must establish "the violation of a right secured by the Constitution and laws of the United States . . . ." *Dodds v. Richardson*, 614 F.3d 1185, 1193 (10th Cir. 2010) (internal quotation marks and citation omitted). Though Plaintiff alleges a violation of his Fourteenth Amendment rights, as a convicted prisoner complaining of conditions related to prison work, his conditions-of-confinement claim is properly brought under the Eighth Amendment. *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 736 (10th Cir. 2005) ("Prison workplaces, like other conditions of confinement, are covered by the Eighth Amendment.") *cert. denied*, 549 U.S. 1219 (2007).[2]

---

[2] The Fourteenth Amendment would be the proper basis for such a claim if Plaintiff were a pretrial detainee. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir.1990). He is not.

Under the Eighth Amendment, "[t]o hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component." *Moore v. Little*, No. 19-1041, 2019 WL 4803330, at *3 (10th Cir. Oct. 1, 2019) (internal quotation marks and citation omitted). "The objective component requires that the alleged deprivation be sufficiently serious." *Id*. (internal quotation marks omitted). "The subjective component requires the jail official to have a sufficiently culpable state of mind." *Id*. Assuming without deciding that Plaintiff's complaint is sufficiently serious to satisfy the objective component, the Court focuses on the subjective component. *See Franklin*, 160 F. App'x at 736 (assuming the objective prong met and affirming dismissal after discussion of the subjective prong).

The subjective component requires that officials have a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In the context of prison-condition claims, the required state of mind is one of " 'deliberate indifference' to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 302–03). An official is liable only if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "It is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998); *see also Craig v. Eberly*, 164 F.3d 490, 495–96 (10th Cir. 1998) (describing further the requirements for the subjective component of an Eighth Amendment claim). In the work assignment context,

prison officials are deliberately indifferent when they knowingly compel prisoners to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful. *Franklin*, 160 F. App'x at 736.

Here, Plaintiff alleges that Defendants knew of the relevant safety regulations, and appreciated the dangers associated with Plaintiff's prison work, yet failed to provide him with proper supervision or any safety equipment. But Plaintiff does not plead facts implicating Defendants' actual knowledge of the risk of harm. Rather, Plaintiff appears to plead that Defendants should have known of the risk of harm because of the existence of safety regulations and because of Mr. Adams's position as the director of Yukon Public Works. (Doc. No. 5, ¶¶ 3, 44, 48). Plaintiff does not even cite to his Complaint to support his contention that his Complaint sufficiently alleges Defendants' awareness of facts from which the inference could be drawn that a substantial risk of harm existed and that the Defendants did in fact draw that inference. Instead, Plaintiff cites to exhibits not referenced in his Complaint. (Doc. No. 11, pp. 13–14). The Court cannot consider Plaintiff's exhibits. *See Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Nor will the Court credit Plaintiff's conclusory allegations concerning Defendants' actual knowledge, (Doc. No. 5, ¶¶ 6, 45–47). S*ee Hall*, 935 F.2d at 1109–10.

Under Tenth Circuit law, Plaintiff's allegation—that Defendants should have known of the risk of harm—might state a claim for negligence, but it does not reach the level of deliberate indifference required to state a claim under the Eighth Amendment. *See Franklin*, 160 F. App'x at 736 (finding that defendant's failure to provide any safety training or safety measures in connection with plaintiff's prison work might show

7

negligence but did not reach the level of deliberate indifference required to establish an Eighth Amendment violation).

This conclusion also finds support in other jurisdictions. *See, e.g., Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir.1996) (holding that a lack of safety training and equipment, including no steel-toed boots and no safety straps on moving dollies in a warehouse, as well as allegations of a pattern of injuries, shows, at most, negligence for not taking better safety precautions); *Brown v. Richmond County Corr. Inst.*, No. CV 105-118, 2006 WL 1431488, at *2 (S.D. Ga. May 22, 2006) (dismissing complaint alleging failure to provide safety helmet on work detail involving cutting trees where tree branch broke and struck inmate-plaintiff on the head); *Sutton v. Kansas Dep't of Corr.*, No. 12-3238-SAC-DJW, 2015 WL 5692069, at *10 (D. Kan. Sept. 28, 2015) (collecting cases).

To be sure, in some cases, a risk's obviousness can satisfy the actual knowledge requirement under the subjective component. *Farmer*, 511 U.S. at 842. Even under this lower standard, however, Plaintiff fails to state a claim. In alleging the risk's obviousness, Plaintiff could have provided facts supporting the allegation that a substantial risk of harm was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to the relevant information concerning the risk and thus must have known about [the risk]." *Id.* (internal quotation marks and citation omitted). But Plaintiff has not provided facts to support any of these potential allegations. Instead, Plaintiff lists safety requirements relevant to public works projects (Doc. No. 5, ¶¶ 25–29), and then baldly states the risk of harm was "so obvious and longstanding that no reasonable person could

8

deny it." (Doc. No. 5, ¶ 46). This type of conclusory allegation is insufficient to state a claim upon which relief may be granted. *See Hall*, 935 F.2d at 1109–10.

Additionally, Plaintiff's claim is subject to dismissal to the extent it is based upon Defendants' mere violation of safety regulations. *See Franklin*, 160 F. App'x at 736 ("The Eighth Amendment generally does not constitutionally embrace workplace safety regulations."); *see also French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (finding that the "Eighth Amendment does not . . . require complete compliance with the numerous OSHA regulations"); *Brown*, 2006 WL 1431488, at *2 (collecting cases).

At bottom, Plaintiff has failed to sufficiently plead the elements necessary to state a claim under the Eighth Amendment. Plaintiff's § 1983 claim pursuant to that amendment is therefore subject to dismissal.

### B. *Failure to Train and Supervise*

Defendants further argue that Plaintiff's fourth and fifth claims pursuant to § 1983 for failure to train and supervise must be dismissed under Rule 12(b)(6) because they too are insufficiently pleaded. (Doc. No. 7, pp. 12–18). In response, Plaintiff argues that enough facts are provided to allow his claims to proceed. (Doc. No. 11, pp. 14–16). The Court finds dismissal appropriate. Due to Plaintiff's failure to plead sufficient facts to state a violation of the Eighth Amendment, his claims for failure to train and supervise cannot stand. *See Dopp v. Honaker*, No. CIV-16-1164-D, 2018 WL 3301526, at *13 (W.D. Okla. Jan. 24, 2018) (holding that Plaintiff did not plausibly allege a claim for failure to train or supervise because the underlying Eighth Amendment violation was insufficiently pleaded); *Saenz v. Lovington Mun. Sch. Dist.*, 105 F. Supp. 3d 1271, 1314–15 (D.N.M. 2015) (citing

*City of Canton v. Harris*, 489 U.S. 378, 391 (1989) and *Rivera v. Rhode Island*, 402 F.3d 27, 38–39 (1st Cir.2005) in asserting that "a failure-to-train or failure-to-supervise claim cannot stand without an underlying constitutional violation.").[3]

### C. State Created Danger

As to Plaintiff's seventh claim for state-created danger, Defendants seek dismissal arguing that the six elements necessary to establish liability have not been sufficiently pleaded. (Doc. No. 7, pp. 19–20). Plaintiff responds arguing that Defendants' contention is vague and conclusory. (Doc. No. 11, pp. 16–17). The Court need not address either argument. Plaintiff's state-created danger claim is properly dismissed for failure to plead an underlying constitutional violation.

"[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).[4] An analysis of the six elements needed to establish liability under a state-created danger theory pursuant to the Fourteenth Amendment is therefore unnecessary if Plaintiff's claim is covered by the Eighth

---

[3] In addition to pleading facts sufficient to state a constitutional violation, a plaintiff asserting a claim for failure to train and supervise against a municipality must plead facts concerning an official policy or custom, causation, and state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–71 (10th Cir. 2013). To state a claim for failure to train and supervise against an official, a plaintiff must plead facts concerning the official's personal involvement, causation, and state of mind. *Id.* at 767–69. While the Court need not fully address the matter, it appears that, in addition to failing to plead a constitutional violation, Plaintiff has also failed to plead sufficient facts concerning any of these other elements necessary to state a claim against either Defendant.

[4] Though Plaintiff does not identify it as such, the Court construes his state-created danger claim pursuant to the Fourteenth Amendment as asserting a violation of Plaintiff's substantive—not his procedural—due process rights. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (affirming district court's decision to construe Fourteenth Amendment claim as asserting a violation of respondent's substantive rather than procedural due process rights).

Amendment. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Plaintiff's claim concerns the conditions of his prison workplace. The Tenth Circuit has deemed such claims covered by the Eighth Amendment. *See, e.g., Franklin*, 160 F. App'x at 736. Accordingly, Plaintiff's § 1983 state-created danger claim is properly analyzed under the Eighth Amendment. The claim is therefore subject to dismissal in accordance with the Court's Eighth Amendment analysis above.

V. **State Claims**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Moreover, according to the Tenth Circuit, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. Del City*, 660 F.3d at 1248 (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). The Court has dismissed all of Plaintiff's federal claims over which it has original jurisdiction; only Plaintiff's state law claims remain. In accordance with 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over Plaintiff's first and second causes of action under state law and remands them to the District Court of Canadian County, Oklahoma.

VI. **Qualified Immunity**

At the close of their motion, Defendants argue that Mr. Adams is entitled to qualified immunity on all claims asserted against him in his individual capacity. (Doc. No. 7, pp. 20–22). The Court determines that the issue need not be resolved at this time because Plaintiff does not allege facts sufficient to establish an Eighth Amendment violation in the

first instance. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n. 15 (10th Cir. 2003); *Preece v. Cooke*, No. 13-CV-03265-REB-KLM, 2014 WL 6440406, at *11 (D. Colo. Nov. 17, 2014) (finding no need to reach the issue of qualified immunity because Plaintiff did not allege sufficient facts to establish Eighth Amendment violation).

## VII. Conclusion

For the reasons set forth herein, the Court GRANTS Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). The Court also remands Plaintiff's first and second causes of action against the City of Yukon to the District Court of Canadian County, Oklahoma. Finally, the Court dismisses as time barred Plaintiff's claims against Defendant Jay Doe.

**IT IS SO ORDERED** this 25th day of November 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE